**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

-----------------------------------------------------------x

HOWARD COHEN, on behalf of himself
and all other similarly situated,

CASE NO.: 9:25-cv-80479-XXXX

                Plaintiff,

v.

LEFKES DELRAY LLC, a Florida Limited
Liability Company d/b/a LEFKES ESTIATORIO
                Defendant.

-----------------------------------------------------------x

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, LEFKES DELRAY LLC ("Defendant" or "defendant"), hereby appears to this

proceeding by and through its attorney, Adam M. Ludwin, hereby files its Answer and Affirmative

Defenses and state as follows:

<u>ANSWERS TO PLAINTIFF'S NUMBERED ALLEGATIONS</u>

1. Admitted that this Court has subject matter jurisdiction over the alleged cause of action.
Otherwise denied.

2. Unknown therefore denied.

3. Unknown therefore denied.

4. Denied.

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. This is a legal conclusion, therefore denied.

11. Unknown, therefore denied.

12. Unknown, therefore denied.

13. Unknown, therefore denied.

14. This is a legal conclusion, therefore denied.

15. Denied.

16. Unknown, therefore denied.

17. Unknown, therefore denied.

## <u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>

18. Defendant repeats and reiterates its responses to each of the allegations of Paragraphs 1-17 as if set forth at length.

19. This is a legal conclusion, therefore denied.

20. a. Unknown, therefore denied.

b. Unknown, therefore denied.

c. Unknown, therefore denied.

d. Unknown, therefore denied.

e. Unknown, therefore denied.

21. a. This is a legal conclusion, therefore denied.

b. This is a legal conclusion, therefore denied.

c. This is a legal conclusion, therefore denied.

22. This is a legal conclusion, therefore denied.

23. Denied.

24. Denied.

25. Denied.

26. This is a legal conclusion, therefore denied.

27. Denied, including all subparts, a-u.

28. Denied.

29. Denied.

30.  Denied.

31. Denied.

32. Unknown, therefore denied.

33. This is a legal conclusion, therefore denied.

34. This is a legal conclusion, therefore denied.

35. This is a legal conclusion, therefore denied.

36. This is a legal conclusion, therefore denied.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State a Cause Of Action)

The Complaint fails to state a cause of action against Defendant.  Plaintiff's complaint does not contain any allegations that Plaintiff was denied access to a physical place or the goods and services of a physical place of public accommodation owned by, operated by, leased by, or leased

to Defendant.  At all times relevant hereto, the Defendant's premises were fully accessible to anyone wishing to visit.  As such, Plaintiff fails to state a claim under Title III of the ADA.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
**(Lack of Standing)**

Plaintiff's claims against Defendant are barred because Plaintiff suffered no damages, loss, or injury as a result of any actions or omissions of defendant.  In particular, Plaintiff lacks statutory and constitutional standing to pursue Plaintiff's alleged claims because Plaintiff has suffered no injury in fact.  Plaintiff's boilerplate complaint fails to plausibly allege that he suffered a concrete and particularized injury by virtue of having encountered the supposed barriers.  The complaint contains no factual allegations that would render plausible her assertions to the contrary.  As such, Plaintiff has no standing for prospective relief under the standard established in the Second Circuit's recent decision, Calcano v. Swarovski N. Am. Ltd., --- F.4th ----,2022 WL 1788305 (2d Cir. June 2, 2022).  The Calcano court made clear that boilerplate pleadings like the one here (and which are utilized by plaintiff's counsel in restaurant accessibility cases) fail to "plausibly allege[] a real and immediate threat of future injury" as is required to establish standing.   Id. at **3, 6 ("This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.").   Plaintiff's Complaint offers no specific detail whatsoever other than dates regarding his past visits to the defendant's restaurant, or the frequency of such visits, or what goods or services he ever purchased.

4

**THIRD AFFIRMATIVE DEFENSE**
**(The Restaurant is Accessible for Purposes of Title III of the ADA)**

Plaintiff does not identify where on the premises he supposedly encountered any barriers. Plaintiff lists several supposed accessibility issues but does not explain where exactly these supposed barriers were encountered.  Defendant provides, and has at all relevant times provided, an accessible premises. The errors identified by Plaintiff are either nonexistent or are not barriers for purposes of Title III of the ADA.

**FOURTH AFFIRMATIVE DEFENSE**
**(Defendant Provided Services Via Alternative Methods)**

Any alleged wrongful acts or omissions by defendant, if there were any, do not subject defendant to liability because defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.  Plaintiff does not allege that he called defendant tried to contact defendant to tell it about supposed barriers that prevented Plaintiff from using the goods and services on the premises in question.  Defendant would have been more than willing to assist Plaintiff and to ensure that Plaintiff could purchase and utilize whatever goods and services he wanted at the restaurant.

**FIFTH AFFIRMATIVE DEFENSE**

(Reasonable Modifications to Policies, Practices and Procedures)

Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never asked for or sought assistance.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, defendant respectfully prays for judgment as follows:  That Plaintiff take nothing by reason of the Complaint, and that the Complaint, and the causes of action thereof, be dismissed in its entirety with prejudice. That defendant be awarded attorneys' fees (to the extent recoverable under any contract, statute, or other rule of law) and other costs or disbursements incurred herein; and for such other and further relief in favor of Defendant as the Court may deem just and proper.

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically furnished and filed via CM/ECF Portal on all interested parties of record on this 9th day of June 2025.

Respectfully Submitted,

By: */s/ Adam Ludwin*
Adam M. Ludwin, Esq.
FL Bar No.: 101742
Ludwin Law Group, P.A.
85 SE 4th Avenue, Suite 108
Delray Beach, FL 33483
Tel: 561-455-4455
Primary e-mail: Adam@LudwinLaw.com
Secondary e-mail: Shelley@LudwinLaw.com